IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. CIV-14-1056-HE |
| v. ) ) ) | |
| NSC CHICKEN, LP, ) d/b/a CHICKEN EXPRESS, ) ) ) | |
| Defendant. ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Kennedy Zapet, Charging Party, and other aggrieved individuals of Hispanic or Latin American national origin who worked at Defendant NSC Chicken, LP d/b/a Chicken Express franchises in Oklahoma and who were adversely affected by such practices. Defendant has engaged in a pattern or practice of discrimination by not paying these Hispanic and Latin American employees overtime wages because of their national origin.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Oklahoma and has continuously employed at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Kennedy Zapet filed a charge on behalf of himself and other aggrieved individuals with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2011, Defendant has engaged in unlawful employment practices against Kennedy Zapet and other aggrieved Hispanic and Latin American

employees at several of Defendant's franchise locations in Oklahoma in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a), in that:

    (a)    Defendant engaged in a pattern or practice of denying its Hispanic and Latin American kitchen staff overtime wages while paying other employees overtime.

    (b)    The aggrieved employees, in addition to the Charging Party, Kennedy Zapet, are Adriana Ayala, Juan Gramajo, Noel Lopez, Hector Machado, Esdron Rojas, Trinidad Rojas, Nato Rodas, Irento Rodas, Juan Solis, Olivia Soto, and Jesus Zapata.

    (c)    Defendant's specific practice was to recruit Hispanic and Latin American individuals to work in the kitchen areas of its franchises. Defendant scheduled these Hispanic and Latin American employees in excess of forty hours per week and did not pay them overtime pay as required by the Fair Labor Standards Act, 29 U.S.C.A. § 207(a)(2)(c), for any hours worked in excess of forty hours per week.

    (d)    Defendant paid its non-Hispanic and non-Latin American employees overtime wages as required by the Fair Labor Standards Act.

    (e)    The Defendant's overtime policy and practice discriminated against Kennedy Zapet and the other aggrieved employees because of their national origin in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. The effect of the Defendant's policies and practices, complained of in paragraphs 7(a) – (e) above, has been to deprive Kennedy Zapet and the other aggrieved employees of their right to equal employment terms and conditions of employment. Defendant treated Kennedy Zapet and the other aggrieved employees differently because of their national origin in violation of Title VII.

9. The unlawful employment practices, complained of in paragraphs 7(a) - (e) above, were intentional.

10. The unlawful employment practices, complained of in paragraphs 7(a) - (e) above, were done with malice or reckless indifference to the federally protected rights of Kennedy Zapet and the other aggrieved employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful employment practices which discriminate on the basis of national origin.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, regardless of their national origin, and to eradicate the effects of Defendant's past and present unlawful employment practices.

C.    Order Defendant to make Kennedy Zapet and the other aggrieved employees whole by providing appropriate damages in amounts to be determined at trial and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices.

D.    Order Defendant to make Kennedy Zapet and the other aggrieved employees whole by providing compensation for past, present, and future pecuniary injuries resulting from the unlawful practices complained of paragraph 7(a) - (e), above, in amounts to be determined at trial.

E.    Order Defendant to make Kennedy Zapet and the other aggrieved employees whole by providing compensation for past, present, and future non-pecuniary injuries resulting from the unlawful practices, complained of in paragraphs 7(a) - (e) above, in amounts to be determined at trial.

E.    Order Defendant to pay Kennedy Zapet and the other aggrieved employees punitive damages for its malicious and reckless conduct as described in paragraphs7(a) - (e), above, in an amount to be determined at trial.

F.    Grant such further relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office

_/s/ Jeff A. Lee_

JEFF A. LEE, OBA # 13483
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-5829
(405) 231-4375 (fax)
jeff.lee@eeoc.gov

**ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**